UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAVID AXELROD** | : | **CIVIL ACTION NO.** |
| Plaintiff | : | **3:22-cv-00440 (JCH)** |
| | : | |
| v. | : | |
| | : | |
| **POSIGEN CT LLC and** | : | |
| **THOMAS A. NEYHART** | : | |
| Defendants | : | **OCTOBER 12, 2022** |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT OF FLSA CLAIMS AND DISMISSAL WITH PREJUDICE

**I.    INTRODUCTION**

Plaintiff, David Axelrod, and Defendants, Posigen CT LLC and Thomas A. Neyhart, in the above captioned matter jointly submit this memorandum of law in support of their motion for an order granting approval of the Parties' Settlement Agreement and release of claims under the Fair Labor Standards Act ("FLSA"). The terms of the Settlement Agreement for Plaintiff's claims were agreed upon following a settlement conference held before the Honorable Thomas O. Farrish, United States Magistrate Judge, on August 25, 2022. Therefore, the parties hereby request an order approving the settlement as fair, reasonable, adequate, and in the best interests of the parties.

**II.    DESCRIPTION OF THE LAWSUIT AND PROCEDURAL BACKGROUND**

Plaintiff filed this action against Defendants alleging claims for unpaid wages under the FLSA. Defendants have denied and continue to deny each and every claim made by Plaintiff in the action. However, the parties wish to fully and finally resolve any and all of disputes and Plaintiff's claims without the expense of further litigation.

**III.   SUMMARY OF JOINT SETTLEMENT AGREEMENT**

The terms of the Settlement Agreement for Plaintiff's claims were negotiated by experienced counsel who fully recognized the risks of litigation and the benefits of settling this case. The parties' counsel represent that they have conducted a thorough investigation into the facts of this case, including, but not limited to, the following: (i) reviewing relevant documents including, but not limited to: (i) personnel documents demonstrating position and wages to be paid; (ii) information regarding the dates and hours he worked; (iii) conducting informal discovery, and (iv) conducting a thorough liability and damages analysis.

Based on their own independent investigation and evaluation, the parties are of the opinion that the Settlement Agreement is fair, reasonable and adequate, and in the best interest of the parties in light of all known facts and circumstances. Plaintiff and Defendants were directly involved in negotiating the terms of the Settlement Agreement and fully endorse the approval of this agreement by this Court as fair, reasonable and adequate. The terms of the Settlement Agreement and release are standard under the FLSA.

**IV.   DISCUSSION**

The parties jointly request that the Court approve the settlement of the FLSA claims, which is necessary for there to be a valid and enforceable release. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).

"An FLSA settlement is examined with less scrutiny than a class action settlement; the court simply asks whether the settlement reflects a fair and reasonable compromise of disputed issues that was reached a result of contested litigation." *Mills v. Capital One*, 2015 U.S. Dist. LEXIS 133530, *11, (S.D.N.Y.) (Sep. 30, 2015, *Pitman, M.J.*). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Id.* The

2

adversarial nature of an FLSA action is typically a sufficient indication of a settlement's fairness. *Id.* "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (internal quotation marks omitted). *See also Bozak v. FedEx Ground Package Sys.*, 2014 U.S. Dist. LEXIS 106042, *8 (D. Conn.) (July 31, 2014, *Chatigny, J.*) (approving FLSA settlement reached after negotiations concerning "the uncertain legal and factual issues involved.").

Applying this law to the present case, to ensure the Settlement Agreement and respective release between the parties in connection with Plaintiff's claim under the FLSA will be binding on the parties, this Court must approve the settlement. The parties believe the settlement is fair, reasonable and adequate. Specifically, the parties believe the settlement to be fair, reasonable and adequate as the settlement amount paid is fair based upon the Plaintiff's claimed damages. There are significant factual disagreements as to Plaintiff's employment status and the number of hours that Plaintiff worked. These factual disputes were taken into account by the parties in their negotiations.

The parties do not agree regarding whether Defendants' actions violated the FLSA. In such cases, where establishing liability is "no sure thing" for plaintiffs, the risks of proceeding with litigation weigh heavily in favor of settlement. *See, e.g., Wal-Mart Stores, Inc. v. Visa USA, Inc.,* 396 F.3d 96, 118-19 (2d Cir.2005). In addition, the parties represent that no portion of the FLSA settlement is being paid to Plaintiff's counsel and, therefore, the entire FLSA settlement payment will be paid to Plaintiff. As the parties believe the settlement is fair, reasonable and adequate, and is in the best interest of the parties in light of all known facts and circumstances, the parties are seeking an Order from this Court to approve the settlement and respective release between the Parties.

## V. CONCLUSION

After good-faith arms-length negotiations by experienced counsel with the assistance of the Court, the parties have reached an agreement to settle the *bona fide* disputes between them regarding Defendants' compliance with the mandates of the FLSA. The settlement as negotiated is fair and reasonable under the circumstances. Accordingly, the parties respectfully request that the Court grant approval of the settlement set forth in the Settlement Agreement. Following Court approval of the settlement, the parties will execute the Settlement Agreement and will file the Stipulation of Dismissal.

Respectfully submitted,

| On behalf of Plaintiff, | On behalf of Defendants, |
|---|---|
| By: /s/ Andrew A. Cohen<br>Andrew A. Cohen (ct07124)<br>Andrew A. Cohen Law<br>110 Whitney Avenue<br>New Haven, CT 06510<br>Tel.: (203) 873-8993<br>Email: andrew@andrewacohenlaw.com | By: /s/ Dove A.E. Burns<br>Dove A.E. Burns (ct27180)<br>900 Chapel Street, 10th Floor<br>New Haven, Connecticut 06510<br>Tel.: (860) 706-0141<br>Fax: (860) 275-6819<br>Email: dove.burns@obermayer.com |

## CERTIFICATION OF SERVICE

  This is to certify that on October 12, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Dove A.E. Burns<br>
Dove A.E. Burns