# EXHIBIT A

### RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made by and among David Axelrod ("Axelrod"), on the one hand, and PosiGen CT, LLC ("PosiGen") and Thomas A. Neyhart ("Neyhart"), on the other hand (hereinafter referred to as "Defendants") (Axelrod and Defendants collectively referred to hereinafter as the "Parties").

WHEREAS, Axelrod was employed by Defendants;

WHEREAS, Axelrod's employment with Defendants ended on or about February 1, 2022;

WHEREAS, Axelrod filed suit in United States District Court for the District of Connecticut, Docket No. 3:22-cv-00440, alleging wage and hour violations pursuant to the Fair Labor Standards Act ("FLSA") and Connecticut General Statutes, as well as other non-wage and hour claims (referred to herein as "the Action");

WHEREAS, Defendants deny each and every allegation made by Axelrod;

WHEREAS, there is a *bona fide* dispute among the Parties regarding the wages allegedly due to Plaintiff;

WHEREAS, the Parties participated in a Settlement Conferences before U.S. Magistrate Judge Thomas O. Farrish in the District of Connecticut;

WHEREAS, Axelrod has agreed to settle his non-wage and hour claims under a separate settlement agreement ("General Agreement"); and

WHEREAS, the Parties agree to resolve their dispute and to enter into this Agreement upon the terms set forth below, with the intention of being legally bound:

1.  In consideration of the sum of Five Thousand Dollars ($5,000.00) ("Settlement Sum"):

    (a) With the exception of his claims for workers compensation and unemployment

compensation, Axelrod shall withdraw or otherwise cause to be dismissed, in writing and with prejudice, all complaints, claims, suits, actions, charges, allegations appeals and/or proceedings that he has instituted against Defendants, including, but not limited to, the Action;

(b) Axelrod and his heirs, executors, administrators, assigns and agents (collectively "Releasors"), knowingly and voluntarily release and forever discharge Defendants and their present and former parents, affiliates, predecessors, successors, insurers and reinsurers, and their present and former administrators, assigns, agents, employees, officers, directors, shareholders, trustees, members, attorneys, representatives and anyone acting by, through, under, or in concert with such person or entities (collectively "Releasees"), from any and all claims, actions and causes of action, suits, debts, liabilities, obligations, judgments, damages and demands whatsoever against Releasees that Releasors ever had, now have or could claim to have against Releasees, whether known or unknown, up to the date of Axelrod signing this Agreement, arising out of or relating to Axelrod's compensation including, but not limited to: any claim, whether brought on an individual basis or part of a class, collective or representative action, under the FLSA, Connecticut General Statutes, and any other federal, state, and local compensation laws (whether statutory, regulatory or decisional), the wage-related claims asserted in the Action, any contract, tort, common law or statutory claims now or hereafter recognized, and/or claims for attorney fees or costs, statutory damages, punitive damages, and pre-judgment interest and/or post-judgment interest.

(c) In the event that Axelrod institutes, is a party to, or is a member of a class that institutes any claim or action against Releasees arising from any conduct which predates

this Agreement, Axelrod agrees that his claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement, and he shall execute any papers necessary to achieve this end.

(d) Axelrod is not waiving any rights he may have to: (i) his own vested accrued employee benefits under any of Defendants' health, welfare, or retirement benefit plans as of the last day of his employment with Defendants; (ii) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; and/or (iii) pursue claims which by law cannot be waived by signing this Agreement.

(e) Neither Party is waiving any rights they may have to enforce the terms of this Agreement.

2. The Settlement Sum will be paid via a check made payable to Axelrod through PosiGen's payroll system, less any and all tax withholdings and other deductions as required by law.

3. Payment of the Settlement Sum is contingent upon and will be made no later than thirty (30) days after receipt of: (a) this Agreement executed by Axelrod; (b) federal and Connecticut IRS W-4 forms executed by Axelrod; (c) a Stipulation of Dismissal, with prejudice, in the form annexed hereto as Exhibit A, executed by Plaintiff's counsel; (d) the Court approval of this Agreement; and (e) the General Agreement executed by Axelrod.

4. In January of the year following the payment of the Settlement Sum, PosiGen shall issue an IRS W-2 Form to Axelrod for the lost wages payment.

5. Axelrod is not relying on Defendants or their counsel, with respect to any tax aspects of this Agreement. If a governmental body assesses a tax, penalty, interest or late fee

against Releasors on this payment, or any portion thereof, Releasors shall be solely responsible for any such tax, penalty, interest, or late fee. If a governmental body assesses a tax, penalty, interest or late fee against Releasees on this payment, or any portion thereof, Releasees shall be solely responsible for any such tax. However, Releasors agree to indemnify and hold Releasees harmless for any penalty, interest, or late fee assessed against Releasees resulting from the allocations set forth in Paragraph 2 of this Agreement and/or any failure or omission on Axelrod's part in connections with payments made to him as set forth in Paragraph 3 of this Agreement.

6. Axelrod represents that, other than the Action and his claims for workers compensation and unemployment compensation, he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Releasees, with any local, state or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Axelrod covenants and agrees not to file any action against Releasees based upon any of the claims released in Paragraph 1 above.

7. Axelrod agrees not to seek future employment with Releasees. Axelrod further agrees that the existence of this Agreement shall be a legitimate, non-discriminatory and no-retaliatory reason for denying and/or terminating any such employment.

8. Defendants agree that, if they are contacted for a reference for Axelrod, they will provide only his title(s) and dates of employment. Defendants will not, in such circumstances, make any statements about Axelrod's eligibility for hire or rehire or about his separation from PosiGen.

9. Axelrod agrees that any and all liens against him, which relate in any manner to the damages or considerations which are the subject of this Action have been paid and satisfied in full, or will be satisfied from the proceeds of the settlement. Axelrod further agrees that all liens, if any, will be paid by him without any payment by the Releasees and that Releasors will hold

Releasees harmless and indemnify them from any claims related to this Action that might be brought by those lien holders. Without limiting his responsibility, this includes liens of governmental entities, insurance liens and/or any liens of attorneys.

10. It is understood and agreed by the Parties that this settlement is a compromise of a doubtful and/or disputed claim and that payments are not in any way to be construed as an admission of liability on the part of Releasees, by whom liability is expressly denied.

11. The Parties agree that this Agreement is the final and complete agreement, with respect to any and all wage and hour claims brought under the FLSA and Connecticut General Statutes, and any oral representations not reduced to writing and incorporated herein, shall have no legal force and effect.

12. The Parties agree this Agreement shall be interpreted under and governed by the laws of the State of Connecticut without regard to conflict of law.

13. If any provision of this Agreement is deemed invalid, unenforceable, or contrary to law by a court of competent jurisdiction, the remaining provisions of this Agreement shall be unaffected and will remain in full force and effect.

14. Axelrod acknowledges that he read the foregoing Agreement and fully understands its contents and effect. Axelrod also acknowledges that he had the opportunity to retain legal counsel to review this Agreement. Axelrod further acknowledges that he voluntarily executed this Agreement and assents to its terms and that his decision in doing so has been made freely and without duress, coercion, or fear of retaliation.

15. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and will be enforced as such. The Parties agree that a faxed or scanned signature shall have the same force and effect as an original signature and that this Agreement may

- 6 -

be executed in counterparts by fax or pdf attachments to emails which shall be deemed an original and will be enforced as such.

_____
    David Axelrod

_____
    Thomas A. Neyhart

_____
  By:_____
   Posigen CT, LLC

DRAFT